WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
*Attorneys for Plaintiff JOE CULVER*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOE CULVER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>SUMMIT BHC SACRAMENTO, LLC d/b/a VALLEY RECOVERY CENTER OF NV, a foreign limited liability company; DOE BUSINESS ENTITIES 1-10.<br><br>    Defendant. | CASE NO: 3:20-cv-140<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW Plaintiff JOE CULVER, by and through his counsel, William J. Geddes, Esq. and Kristen R. Geddes, Esq. of THE GEDDES LAW FIRM, P.C., and hereby complains of Defendant SUMMIT BHC SACRAMENTO, LLC d/b/a VALLEY RECOVERY CENTER OF NV as follows.

**I.**

**STATEMENT OF THE CASE**

This is an employment discrimination case arising under Title VII of the Civil Rights Act of 1964 and Nevada state law.  CULVER alleges herein that s/he suffered discrimination based on or motivated by sex and gender identity and expression, when s/he informed his employer that he intended to begin dressing, and presenting himself/herself as Joanne or "Jo," in a feminine form at work.  Two-weeks after CULVER informed his/her employer that s/he planned to begin presenting him/herself as Joanne, CULVER was terminated.  CULVER seeks monetary, equitable, and injunctive relief.

1

II.

JUISDICTION AND VENUE

1.  The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). In particular, this case asserts claims, actionable under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3 *et seq.* This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

2.  Venue is proper in the U.S. District Court situated in Reno, Nevada, under Local Rule IA 1-6 and 28 U.S.C. § 1391(b) because this Court is located in the "unofficial Northern Division," embracing the City of Reno, County of Washoe, Nevada, and because:

   (a)  Venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claims of the case occurred, or where any defendant resides; and,

   (b)  The unlawful employment practice was committed in Reno, Nevada.

III.

PARTIES

3.  At all relevant times herein, Plaintiff JOE or JOANNE "JO" CULVER ("CULVER") was a citizen of the state of Nevada, residing in the County of Washoe, Nevada, and s/he was employed by Defendant SUMMIT BHC SACRAMENTO, LLC d/b/a VALLEY RECOVERY CENTER OF NV.

4.  Defendant SUMMIT BHC SACRAMENTO, LLC d/b/a VALLEY RECOVERY CENTER OF NV ("VALLEY RECOVERY") was a foreign limited liability company doing business in Washoe County, Nevada, as a facility for individuals struggling with substance abuse as well as co-occurring mental health disorders such as anxiety, depression, bipolar disorder or post-traumatic stress disorder.

5.  The true names and capacities, of the Defendants sued herein as DOE BUSINESS ENTITIES 1-10, inclusive, are unknown to CULVER, who sues those Defendants by such fictitious

2

names. CULVER alleges, on information and belief, that each of the Defendants sued herein as DOE BUSINESS ENTITIES 1-10, inclusive, at all relevant times, performed acts, or were responsible for performing acts, relating to matters involving CULVER's employment, efforts to continue his employment, termination, and all matters concerning their discrimination committed against CULVER, as described herein. CULVER alleges, on information and belief, that each of the Defendants sued herein as DOE BUSINESS ENTITIES 1-10, inclusive, are responsible in some manner for the events and injuries alleged herein. CULVER alleges, on information and belief, DOE BUSINESS ENTITIES 1-10, inclusive, are, and at all times relevant hereto were, domestic or foreign business entities of any kind, including but not limited to corporations, associations, partnerships, companies, national associations, organizations, unions, non-profit organizations, and joint ventures, that were qualified to do business in Nevada or held themselves out to the public to be qualified to do business in Nevada, and actually did business as an entity in the State of Nevada, had a presence in Nevada or are otherwise amenable to suit in Nevada under Nevada's "Long-Arm" statutes. CULVER will seek leave of Court to amend this Complaint to state the true names and capacities of DOE BUSINESS ENTITIES 1-10, inclusive, when they have been ascertained.

### IV.
### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

6. CULVER was born and is biologically a male.

7. CULVER is a Nevada-licensed alcohol and drug counselor.

8. CULVER commenced employment with VALLEY RECOVERY on or about July 30, 2018, as the program director, and was responsible for the development of a substance abuse program, running intensive outpatient group meetings and conducting individual counseling sessions.

9. CULVER is a bi-gender, gender non-conforming individual, and when hired until around the beginning of September 2018, presented himself as a stereotypical male including his manner of dress and appearance.

10. Around the beginning of September 2018, CULVER met with the clinical director, Bertrand Ithurralde ("Ithurralde"), and informed Ithurralde that he wanted to present himself as

3

"Joanne," including by being referred to as Joanne (or "Jo") and wearing feminine clothing, makeup and utilizing feminine grooming products.

11. Ithurralde was initially receptive to CULVER, and the two discussed how to "roll it out at clinic."

12. Within a day or two of CULVER'S conversation with Ithurralde, CULVER attended a routine staff meeting at the clinic with Ithurralde and Kelly Kitson ("Kitson"), CULVER'S supervisor.

13. At the end of the staff meeting, CULVER again disclosed that s/he was bi-gender and gender non-conforming and stated s/he wanted to come out as Joanne at the clinic. No real response was provided by Ithurralde or Kitson; however, now it appeared to CULVER that Ithurralde was no longer supportive of the idea and was becoming hostile to CULVER representing him/herself as Joanne.

14. After the meeting concluded, Kitson appeared irritated and asked CULVER why s/he hadn't mentioned this during the interview before s/he was hired. CULVER responded, "why does it matter?" and took the question to mean that had s/he disclosed it during the interview s/he would not have been hired by VALLEY RECOVERY.

15. About 2 or 3 days after CULVER discussed this with Ithurralde, Ithurralde told CULVER that CULVER had to discuss it with Jessica Wagner ("Wagner"), the Human Resources Director.

16. Consequently, as directed, CULVER called Wagner, and told Wagner that s/he wanted to come out as Joanne at the clinic. Wagner responded that CULVER presenting him/herself as Joanne would be confusing to clients, and therefore, told CULVER that s/he could only present him/herself as Joanne when clients were not around at the clinic.

17. CULVER objected to this idea, as clients could come to the clinic as a walk-in without an appointment at unexpected times, meaning CULVER could never present herself as Joanne, because it could not be known when clients would or would not be at the clinic.

18. Ultimately, because it could not be predicted when clients would be at the clinic, CULVER was never permitted to come out as Joanne while employed by VALLEY RECOVERY.

19. Two-weeks after first disclosing that s/he was bi-gender and gender non-conforming and wanted to come out as Joanne, CULVER was fired on September 17, 2018, on the pretext of CULVER'S job performance.

20. On September 18, 2018, CULVER timely submitted, or caused to be submitted a charge of unlawful discrimination with the Nevada Equal Rights Commission ("NERC") and the Equal Opportunity Commission ("EEOC") in EEOC Claim No. 34B-2018-01519.

21. On December 3, 2019, the EEOC issued a "right-to-sue letter" for the discrimination claims of this case, set forth in EEOC Claim No. 34B-2018-01519 pursuant to 42 U.S.C. § 2000e-5(f), and CULVER timely filed the instant suit within ninety (90) days of the receipt of this "right-to-sue letter."

*FEDERAL CLAIMS*

V.

**FIRST CLAIM FOR RELIEF**

**UNLAWFUL DISCRIMINATION BASED ON OR MOTIVATED BY SEX**

**(Title VII - 42 U.S.C. § 2000e-3 *et seq*.)**

22. CULVER incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

23. CULVER is a person entitled to the protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3 *et seq.*

24. Defendant VALLEY RECOVERY is an employer which had a legal obligation, pursuant to Title VII, 42 U.S.C. § 2000e-3 *et seq.,* as amended, and its own internal policies, to maintain a workplace free from unlawful discrimination.

25. Title VII's prohibition against sex discrimination encompasses both discrimination based on or motivated by sex and gender. Title VII prohibits VALLEY RECOVERY as an employer from discriminating against an employee on the following bases: (a) because he or she has expressed his gender in a non-stereotypical fashion, or (b) because the employer is uncomfortable with the fact that a person articulated a desire to express his or her gender in a non-stereotypical fashion, or (c)

5

1  because the employer does not like the fact that the employee is identifying as bi-gender.

2  26.  Despite this federal law, and the broader Nevada law asserted below, Defendant VALLEY RECOVERY subjected CULVER to different terms and conditions because of, or motivated by, his/her sex by refusing to allow CULVER to express his gender in a non-stereotypical fashion, essentially stating CULVER would not have been hired had s/he disclosed his/her non-stereotypical gender in the job interview and then firing CULVER two-weeks after CULVER disclosed s/he was bi-gender and gender non-conforming.

27.  Defendant VALLEY RECOVERY's impermissible sex stereotyping based on, or motivated by, CULVER'S non-conforming gender stereotype constitutes illegal discriminatory conduct in violation of Title VII.

28.  As a result of such intentional, unlawful, and discriminatory conduct against CULVER by Defendant VALLEY RECOVERY, including through its employees and agents, based on or motivated by CULVER'S sex and gender identity, and Defendant's gender stereotyping of CULVER, CULVER has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which CULVER is entitled to compensatory and equitable damages, in an amount to be proven at trial.

29.  The disparate treatment and unlawful discrimination by Defendant VALLEY RECOVERY, including through its employees and agents, based on or motivated by CULVER'S sex and gender identity, and Defendant's gender stereotyping of CULVER, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of CULVER—including because Defendant summarily terminated CULVER after s/he pursued his/her rights —warranting an award of punitive damages, to punish Defendant VALLEY RECOVERY, in an amount determined by a jury at trial, according to law.

30.  As a result of such intentional, unlawful, and discriminatory conduct against CULVER by Defendant VALLEY RECOVERY, including through its employees and agents, based on or motivated by CULVER'S sex and gender identity, and Defendant's gender stereotyping of CULVER, CULVER has had to retain the services of attorneys in this matter, and therefore, is entitled to, and

1  seeks reimbursement for, his/her attorneys' fees and costs, his/her expert-witness fees, and his/her court costs, in an amount to be proven at trial.

31.  As a result of such intentional, unlawful, and discriminatory conduct against CULVER by Defendant VALLEY RECOVERY, including through its employees and agents, based on or motivated by CULVER'S sex and gender identity, and Defendant's gender stereotyping of CULVER, CULVER is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant VALLEY RECOVERY violated CULVER'S rights.

## STATE CLAIMS

### VI.

### SECOND CLAIM FOR RELIEF

#### VIOLATION OF NEVADA'S ANTI-DISCRIMINATION STATUTE (NRS 613.330) BASED ON OR MOTIVATED BY SEX AND GENDER IDENTITY OR EXPRESSION

32.  CULVER incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

33.  CULVER is a person entitled to the protection under Nevada's anti-discrimination statute, NRS § 613.330 *et seq.*

34.  Under Nevada's anti-discrimination statute, codified at NRS § 613.330, it is an unlawful employment practice for an employer to discriminate against any of its employees on the basis of the employee's sex or gender identity or expression.

35.  Defendant VALLEY RECOVERY had a legal obligation, pursuant to the aforementioned state statute and its own internal policies, to maintain a workplace free from unlawful discrimination.

36.  NRS § 613.330's prohibition against sex discrimination encompasses both discrimination based on or motivated by sex, gender and gender identity or expression. NRS § 613.330 prohibits VALLEY RECOVERY as an employer from discriminating against an employee on the following bases: (a) because he or she has expressed his gender in a non-stereotypical fashion, or (b) because the employer is uncomfortable with the fact that a person articulated a desire to express his or

her gender in a non-stereotypical fashion, or (c) because the employer does not like the fact that the employee is identifying as bi-gender.

37. Defendant VALLEY RECOVERY subjected CULVER to different terms and conditions because of his/her sex by refusing to allow CULVER to express his gender in a non-stereotypical fashion, essentially stating that CULVER would not have been hired had s/he disclosed his/her non-stereotypical gender in the job interview and then firing CULVER two-weeks after CULVER disclosed s/he was bi-gender and gender non-conforming.

38. Defendant VALLEY RECOVERY's impermissible sex stereotyping based on or motivated by CULVER's non-conforming gender stereotype and gender identity or expression constitutes illegal discriminatory conduct in violation of NRS § 613.330 *et seq.*

39. As a result of such intentional, unlawful, and discriminatory conduct against CULVER by Defendant VALLEY RECOVERY, including through its employees and agents, based on or motivated by CULVER'S sex, gender, and gender identity and/or gender expression, and Defendant's gender stereotyping of CULVER, CULVER has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which CULVER is entitled to compensatory and equitable damages, in an amount to be proven at trial.

40. At all relevant times herein, the adverse actions and decisions taken by Defendant VALLEY RECOVERY (and its employees and agents) against CULVER were based on or because of CULVER's sex, gender, gender identity, and Defendant's gender stereotyping of CULVER and/or CULVER'S sex, gender, gender identity or expression, and Defendant's gender stereotyping of CULVER were a motivating factor in the adverse actions and decisions of Defendant VALLEY RECOVERY (including through its employees and agents), taken against CULVER, to intentionally engage in the disparate treatment and unlawful discrimination against CULVER, as described herein, for which Defendant VALLEY RECOVERY are liable for its culpable conduct under NRS 613.330.

41. As a result of such intentional, unlawful, and discriminatory conduct against CULVER by Defendant VALLEY RECOVERY, including through its employees and agents, based on or motivated by CULVER'S sex, gender, and gender identity and/or expression, and Defendant's gender

8

stereotyping of CULVER, CULVER has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

42. The disparate treatment and unlawful discrimination by Defendant VALLEY RECOVERY, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and protected rights of CULVER— including because Defendant summarily terminated CULVER after he pursued his rights, and they were aware of his legal rights —warranting an award of punitive damages, to punish Defendant VALLEY RECOVERY, in an amount determined by a jury at trial, according to law.

43. As a result of such intentional, unlawful, and discriminatory conduct against CULVER by Defendant VALLEY RECOVERY, including through its employees and agents, based on or motivated by CULVER'S sex, gender, and gender identity and/or expression, CULVER has had to retain the services of attorneys in this matter, and s/he, therefore, is entitled to, and seeks reimbursement for, his/her attorneys' fees and costs, his/her expert-witness fees, and his/her court costs, in an amount to be proven at trial.

44. As a result of such intentional, unlawful, and discriminatory conduct against CULVER by Defendant VALLEY RECOVERY, including through its employees and agents, based on or motived by CULVER'S sex, gender, and gender identity and/or expression, and Defendant's gender stereotyping of CULVER, CULVER is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant VALLEY RECOVERY violated CULVER'S rights by engaging in unlawful discrimination, as alleged herein.

45. As a result of such intentional, unlawful, and discriminatory conduct against CULVER by Defendant VALLEY RECOVERY, including through its employees and agents, based on or motivated by CULVER'S sex, gender, and gender identity and/or expression, and Defendant's gender stereotyping of CULVER, CULVER is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant VALLEY RECOVERY to give effect to the rights of CULVER, and to take other appropriate action, including: the removal of all adverse

9

information from his/her employee file, relevant to the claims of this case; and, if appropriate and feasible, the reinstatement of CULVER to his/her prior employment position, with full pay and benefits, as if never terminated.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, CULVER prays for judgment against Defendant VALLEY RECOVERY, as follows:

1. For equitable relief, including back pay and front pay;
2. For general, compensatory damages on all claims, in an amount to be proven at trial;
3. For special, compensatory damages on all claims, in an amount to be proven at trial;
4. For past and future compensatory damages, including incidental and consequential losses, incurred by reason of Defendant's acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be proven at trial;
5. For exemplary and punitive damages, as allowed by law;
6. For costs of the suit incurred herein;
7. For attorneys' fees, costs, and prejudgment interest, as allowed by law;
8. For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial;
9. For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.333, and the Court's inherent equitable powers, CULVER seeks, and is entitled to have, declaratory relief awarded in his favor, to declare his rights and the obligations of Defendant VALLEY RECOVERY, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendant VALLEY RECOVERY unlawfully discriminated against CULVER in violation of the Title VII and NRS

613.330, and otherwise violated CULVER'S rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to CULVER'S employment and re-employment;

10. Based on the foregoing, CULVER has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury.  This inadequacy is, in part, based on the fact that Defendant VALLEY RECOVERY are currently maintaining false and disparaging information about CULVER's work performance and tenure at Defendant VALLEY RECOVERY, which will be discovered by third parties, including prospective employers of CULVER, which will interfere with his ability to obtain employment, including re-employment at Defendant VALLEY RECOVERY.  As such CULVER is entitled to injunctive relief, including an injunction compelling Defendant:

(a) To remove false, adverse information contained in her personnel files relating to the claims of this case;

(b) To provide only a "neutral" job reference concerning CULVER's tenure at Defendant VALLEY RECOVERY, to all inquiring prospective employers; and

(c) To reinstate CULVER's employment at VALLEY RECOVERY, if feasible and appropriate, with full pay and benefits, as if never terminated.

Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted, and the public interest would not be disserved by issuance of such injunctive relief. CULVER herein seeks Injunctive relief, equitably determined by the Court at trial;

11. For such other relief as the Court may deem just and proper; and

. . .

. . .

. . .

. . .

. . .

. . .

11

12. Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 28th Day of February 2020.                          THE GEDDES LAW FIRM, P.C.

_____
KRISTEN R. GEDDES
Nevada Bar Number 9027
The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
(775) 853-9455
*Attorneys for Plaintiff*
JOE CULVER