WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
*Attorneys for Plaintiff Joe Culver*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOE CULVER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SUMMIT BHC SACRAMENTO, LLC d/b/a VALLEY RECOVERY CENTER OF NV, a foreign limited liability company; DOE BUSINESS ENTITIES 1-10.<br><br>Defendant. | CASE NO: 3:20-cv-140-MMD-WGC<br><br>**STIPULATED PROTECTIVE ORDER**<br>Regarding<br><br>**CONFIDENTIALITY OF DOCUMENTS PRODUCED IN LITIGATION** |

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(f) and U.S. District Court of Nevada Rule ("Local Rule") 26-1(a), the parties through their respective counsel, hereby submit the following *Stipulated Protective Order*.

## I.     RECITALS

WHEREAS: the parties to the above-captioned litigation anticipate that discovery will require the parties to disclose records and information that are confidential and sensitive; such records are anticipated to include the parties' private employment records, private medical records, records containing trade secret information, or education records protected by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. §1232g ("FERPA"), or any other personally identifiable information subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"); and

///

WHEREAS: the parties seek to protect and prevent the improper dissemination of such "Confidential Information" to third parties, during the course of litigation and after the litigation has ended;

## II. STIPLUATION

THEREFORE: the parties, by and through their respective counsel of record, hereby stipulate and request the Court issue an Order ("*Stipulated Protective Order*"), protecting the confidential nature of certain records and information as may be produced during the course of the above-captioned matters, as follows:

1. If any person or entity, whether or not a party to the instant action, produces or receives answers to interrogatories, or documents or other things, which the producing or receiving person or entity considers to be "Confidential Information," as defined herein in § II(3)(A)(I) *infra*; or

2. If there is deposition testimony which any person or entity, whether or not a party to the instant action, believes contains "Confidential Information," as defined herein in § II(3)(A)(I) *infra*; or

3. Third parties produce information which the third-parties assert is confidential, the following procedure shall govern pursuant to Fed. R. Civ. P. 26(c) *et. seq.*:

   A. Any documents (and the contents thereof), things or information falling within the definition of "Confidential Information," set forth herein in § II(3)(A)(I) *infra*, that are produced may be designated and marked, in whole or in part, without regard to whether redactions are made, "Confidential" by the party producing the documents or information, at the time the documents are delivered to or made available for inspection by any party;

      I. "Confidential Information" is defined herein as: (a) employment records of any employees or former employees of any party; (b) confidential notes, memoranda, and statements regarding non-party employees; (c) confidential information concerning the discipline and/or termination of non-party employees and former employees; (d) the production of information or documents proprietary to any party, including by way of example and not limitation, tax records, financial statements; (e) other private information of any party or non-party to the present litigation, including consumer records, *e.g.*, phone bills; (f) financial records and business records of any person or entity, whether a party or non-party to the present litigation; (g) medical records, including medical

1  bills and psychological records, and medical information of any person, whether a party or non-party to
2  the present litigation; (h) the name and identity of any student or former student of Defendant Washoe
3  County School District; (i) the education records of any student or former student of Defendant Washoe
4  County School District; and (j) any Confidential Administrative Investigative Reports, and their related
5  documents, conducted by Defendant Washoe County School District.

6        B.    If a party produces to another party items that contain Confidential Information
7  as defined above, that party may designate one or more documents, or a portion of a document, as
8  "Confidential" before producing that document to the other party. Such designation shall be made by
9  marking, stamping or typing the word "Confidential" on each page of the document at the time it is
10 produced to the receiving party's counsel;

11       C.    Any party may designate deposition testimony as "Confidential" by orally
12 making such a designation on the record either at the commencement of the deposition, at the time the
13 testimony is given, and/or before the end of that day's questioning. Following such a designation, the
14 court reporter shall mark "Confidential" on the transcript or the portion thereof containing the
15 "Confidential" testimony;

16       D.    In addition, documents or items produced by one party may be designated
17 "Confidential" by the other party, *i.e.*, the receiving party, by:

18       I.    marking the document, in whole or in part, "Confidential" in the same
19 manner as stated above; and

20       II.    then forwarding a copy of the marked document back to the producing
21 party;

22       E.    In this regard, the receiving party seeking the "Confidential" designation may
23 designate, by number, each document it believes should be "Confidential";

24       F.    If the receiving party has no objection to the "Confidential" designation made by
25 the producing party, the receiving party may either expressly notify the producing party or allow the ten
26 calendar-day objection period (set forth below) to lapse. Where there has been no written objection
27 made, once a document or item has been produced and designated as provided herein to the receiving
28

party, the document or item shall be treated as "Confidential," respectively, pursuant to this *Stipulated Protective Order*, until further order of the Court;

  4. The following protocol shall apply in the event of an objection to a designation of "Confidential":

    A. If there is an objection to the "Confidential" designation, the party so objecting must notify the other party in writing of both the objection and the grounds for the objection within twenty-five (25) calendar days from the date the designation was made or the document(s)/item(s) received, whichever is later, and the procedure herein in § II(4)(B) *infra*, shall apply;

    B. If the parties do not agree that the documents, information or testimony should be treated as confidential, the parties shall attempt to resolve the issue by meeting and conferring. If a resolution does not occur, either party may file a motion with the Court to resolve the dispute. Such motion must be filed within thirty (30) calendar days of receipt of the written objection to the designation, unless stipulated otherwise by counsel. If an objection has been raised, the documents, testimony and/or information at issue shall be governed by §§ II (3)(A)-(F), inclusive, of this *Stipulated Protective Order*, and treated and regarded as "Confidential" from the date of disclosure and/or production until the dispute is resolved informally by the parties or a final order is issued by the Court resolving the dispute. In the event of such motion, the parties having entered into this *Stipulation* and the existence of the Court's *Order* entered thereon shall not affect the burden of proof on any such motion, nor impose any burdens upon any party that would not exist had this *Stipulated Protective Order* not been entered;

  5. A document or testimony, or portion, summary, or abstract thereof, that is to be treated "Confidential" pursuant to this *Stipulated Protective Order* shall not be disclosed to, revealed to or discussed with any persons other than the parties, counsel of record for the parties, attorneys, legal assistants and clerical personnel employed by them, and other persons to whom disclosure is necessary for the purposes of this litigation. (This allows disclosure to the officers, directors, employees or former employees of the parties, persons requested by counsel for any party to furnish technical or expert service or to give expert testimony with regard to the subject matter of the document(s), item(s) or expert testimony for the trial of this action). However, each such person to whom a party makes such

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

disclosure shall read this *Stipulated Protective Order* and acknowledge in writing that he/she is fully familiar with the terms hereof and agrees to comply with, and be bound by, this *Stipulated Protective Order* until modified by either further order of the Court or agreement of all the affected parties;

6. Anyone seeking to file any "Confidential" documents, testimony, or information or any pleadings or memorandum purporting to reproduce or paraphrase all or any portion of such confidential material with this Court must first attempt to make such filings confidentially, by seeking to obtain prior leave of Court for filing the same under seal. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court. Any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also, Center for Auto Safety v. Chrysler Group*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016). NOTE: If the document is filed electronically, the appropriate protocol for that purpose will be utilized;

7. If such application for leave of Court to file any document(s) under seal is denied, then the party who sought leave will be relieved, in that instance only, and only as to such documents for which leave of Court was denied, from complying with this stipulation in relation to that filing;

8. Any documents, testimony, and/or information that has been rendered "Confidential" under the parties' *Stipulated Protective Order* and any other information produced or exchanged in the course of this case (other than information that is publicly available) is to be used only in the above-captioned action, and may not be used in any other action or for any other purpose unless the party seeking to make such use has acquired the documents, testimony, and/or information from a source independent of the above-captioned action;

9. Within forty-five (45) calendar days of the entry of the final order concluding this judicial proceeding, all "Confidential" documents or things; any copies, summaries, and abstracts thereof; or notes relating thereto, shall be returned to the producing party or destroyed by the receiving party (including by being shredded), at the option of the receiving party, with proof or attestation of such destruction of records being transmitted by the receiving party to the producing party, except as otherwise ordered by the Court or stipulated in writing by the parties. Counsel of record shall obtain

return of such information, things, and/or documents from any person to whom that counsel has made available the documents or information produced by the other party designated as "Confidential." Notwithstanding any other language contained in this *Order*, each party's counsel of record shall be allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or lodged with the Court, and of all documents designated by both parties or any non-party as "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the attorney work-product doctrine). All such documents and information retained by counsel of record must be maintained in a confidential manner and used only in accordance with this *Order*.

10. This *Stipulated Protective Order* may be amended, without prior leave of the Court, by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case. Nothing herein shall be construed so as to prevent any party from seeking relief from this *Order* at any time;

11. The terms of this *Stipulated Protective Order* do not preclude, limit, or otherwise apply to the use of documents at trial;

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure or material protected by privilege or the work product doctrine;

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this *Stipulated Protective Order* by written advice of the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding; and

14. The parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this *Stipulated Protective Order*.

Dated: July 28, 2020                                                THE GEDDES LAW FIRM, P.C.

                                                                    William J. Geddes, Esq.
                                                                    Nevada Bar No. 6984
                                                                    Kristen R. Geddes
                                                                    Nevada Bar No. 9027
                                                                    1575 Delucchi Lane, Suite 206

6

Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Kristen@thegeddeslawfirm.com
*Attorneys for Plaintiffs*

Dated: July 28, 2020

WASHOE COUNTY SCHOOL DISTRICT

*Electronic Signature Authorized*

/s/ Christopher B. Reich, Esq.
_____
CHRISTOPHER B. REICH, ESQ.
Nevada Bar No. 10198
Deputy Chief General Counsel
creich@washoeschools.net
NEIL A. ROMBARDO, ESQ.
Nevada Bar No. 6800
Chief General Counsel
nrombardo@washoeschools.net
SARA K. MONTALVO, ESQ.
Nevada Bar No. 11899
General Counsel
sara.montalvo@washoeschools.net
Washoe County School District
P.O. Box 30425
Reno, NV 89520-3425
 *Attorney for Defendants*
WASHOE COUNTY SCHOOL DISTRICT
TAMMY HART, JASON URMSTON, AND
ROLLINS STALLWORTH

## ORDER

THE COURT, having considered the preceding *Stipulation* and good cause appearing therefor, HEREBY GRANTS the relief and protections requested therein. IT IS HEREBY ORDERED that the preceding *Stipulation* and this *Stipulated Protective Order* shall be and remain in effect, as stipulated therein. IT IS FURTHER ORDERED that the Protective Order is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

**IT IS SO ORDERED.**
DATED: ___July 29, 2020___

*William G. Cobb*
_____
**UNITED STATES MAGISTRATE JUDGE**